UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                                     Crim. No. 15-208 (PAM)

          Plaintiff,

v.                                                                                             **ORDER**

Richard Angelo McFee,

          Defendant.
_____

This matter is before the Court on Defendant Richard Angelo McFee's Motion for Compassionate Release under the First Step Act. McFee asserts that he has underlying health conditions that make him susceptible to complications from COVID-19 and asks the Court to order the BOP to release him to supervised release. For the following reasons, the Court grants the Motion.

**BACKGROUND**

In December 2015, Defendant Richard Angelo McFee pled guilty to being a felon in possession of a firearm. The Court determined that he was an armed career criminal and sentenced him to the minimum term of 180 months' imprisonment. The Eighth Circuit Court of Appeals found that one of McFee's previous offenses was not a predicate offense for the Armed Career Criminal Act, and on remand, the Court sentenced McFee to 115 months' imprisonment, to be followed by three years of supervised release. To date, McFee has served five and one-half years of his sentence. Because of the serious health conditions discussed below, he is incarcerated at the Federal Medical Center in Lexington, Kentucky ("FMC Lexington").

There is no dispute that McFee has sufficiently exhausted available administrative remedies.  See 18 U.S.C. § 3582(c)(1)(A) (allowing defendant to bring a motion after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility").  His Motion is therefore ripe for consideration.

**DISCUSSION**

The First Step Act allows the Court to order a defendant's release for "extraordinary and compelling reasons."  Id. § 3582(c)(1)(A)(i).  Such reasons include a terminal illness, "a serious physical or medical condition," or other condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility."  U.S.S.G. § 1B1.13, cmt. n.1(a)(ii).  McFee suffers from Crohn's disease, and because of complications from this disease, doctors have prescribed him several immune-suppressing medications.  In addition, a portion of McFee's lower intestine has been removed and he must wear an ostomy bag.  Finally, McFee has struggled with mental-health issues, including bipolar disorder.

McFee's serious Crohn's disease causes many complications for his incarceration. He has been hospitalized numerous times with infections of the site of the ostomy bag, including bouts with the dangerous MRSA infection.  It is difficult under the best of circumstances to keep the ostomy site clean and disinfected; in a prison, it is nearly impossible.  McFee must receive nutrients via intravenous solution, but facility rules prevent him from having an IV pole in his cell.  He must therefore receive IV infusions in the medical unit.  He contends that because the infusions last up to 16 hours, prison staff are unwilling to supervise him and he is therefore unable to receive the infusions.  He has

2

been hospitalized with failure to thrive on several occasions because he is not receiving sufficient nutrition.

Although Crohn's disease is not included in the Centers for Disease Control (CDC) guidance regarding individuals at increased risk of severe complications from COVID-19, individuals who are taking immune-suppressing medication might be at increased risk for those complications.  Centers for Disease Control and Prevention, <u>Coronavirus Disease 2019 (COVID-19), People of Any Age with Underlying Medical Conditions</u>, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited January 19, 2021).  The Government does not dispute that McFee suffers from a serious medical condition that diminishes his ability to provide self-care within the prison environment.  The Government argues, however, that McFee is not always compliant with treatment, and thus that his severe Crohn's disease is made worse by his own actions.  But McFee's medical records are more ambiguous as to the effect of, and reasons for, his occasional recalcitrance, and the Court finds that any resistance to treatment is not the cause of McFee's serious health condition.

At the time the Government filed its opposition to McFee's Motion in November 2020, there were two positive cases of COVID-19 at FMC Lexington.  Two months later, COVID-19 is rampant throughout the facility.  As of January 19, 2021, there are 439 inmates with current positive tests, in addition to 11 staff members.  The population of the facility is 939 inmates, with 171 individuals in the adjacent prison camp.  The positivity rate at the facility is therefore approaching 50 percent. Federal Bureau of Prisons, <u>COVID-19 Inmate Test Information</u>, https://www.bop.gov/coronavirus/ (last visited January 19,

3

2021).  McFee's vulnerable health status and the overwhelming presence of the virus in his facility constitute "extraordinary and compelling reasons" for the Court's reconsideration of his sentence.  18 U.S.C. § 3582(c)(1)(A)(i).

The Court then considers whether the general sentencing factors in § 3553(a) warrant a reduction in sentence.  The Court does not intend to minimize the seriousness of McFee's offense or of his extensive criminal history.  And the Court likewise does not minimize McFee's prison disciplinary record, which is less than stellar.  But the sentence the Court imposed was not intended to be a death sentence.  McFee has served more than five years in prison.  The Court believes that he no longer poses a danger to the community. The § 3553(a) factors warrant a reduction in McFee's sentence to time served.

The First Step Act contemplates the Court imposing "a term of . . . supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment."  Id. § 3582(c)(1)(A).  Probation and Pretrial Services have approved McFee's proposed release plan, which requires him to reside at his grandmother's residence in Chipley, Florida.  The Court will likewise approve that plan, subject to the terms and conditions of the original term of supervision.

Although McFee has a copy of his social-security card, he does not possess any photo identification or a copy of his birth certificate.  He should work with his BOP case manager to attempt to secure those documents before his release.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. McFee's Motions for Compassionate Release (Docket Nos. 95, 105) are **GRANTED**;

2. McFee's sentence of 115 months' imprisonment is **REDUCED** to time served under 18 U.S.C. § 3582(c)(1)(A);

3. McFee shall be placed on supervised release and the Court re-imposes the terms and conditions of supervised release as set forth in the Judgment (Docket No. 79), subject to any additional conditions the U.S. Probation Office may recommend; and

4. The execution of this Order may be stayed for up to ten days to allow the Bureau of Prisons and the U.S. Probation Office to make the necessary arrangements for McFee's release.

Dated: <u>January 20, 2021</u>

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge